States Customs Service, Washington, D. C.," a copy of which is found among the papers herein, reciting that the action of the collector in imposing additional duties upon this merchandise was erroneous and requesting that such action be rescinded and the importer be relieved of the payment of such duties. At such time, no protest had as yet been filed with the collector. Subsequently, the Bureau of Customs, in a letter dated September 21, 1944, a copy of which was transmitted to the importer, advised the collector that it was of the opinion that the merchandise in question was not classifiable under the concession made pursuant to the Mexican Trade Agreement (T. D. 50797) covering slippers (for housewear) (paragraph 1530 (e), Tariff Act of 1930), at the rate of 10 per centum ad valorem, as claimed, but was dutiable as women's leather footwear, not specially provided for, at 20 per centum ad valorem under said paragraph, as originally enacted, as assessed.

The importer maintains that the 60 days for filing a protest herein did not start to run until the decision of the Treasury Department upon the application of the importer, above referred to. Specifically, it asks this court to construe this application made on July 25, 1944, to the Bureau of Customs as a protest and that the formal protest to the collector made on October 23, 1944, be considered as an amendment thereto.

Plaintiff's contention cannot be given favorable consideration. His letter of July 25, 1944, hereinabove referred to, is not a compliance with statutory requirements for filing a protest. Under the provisions of section 514 of the Tariff Act of 1930, the decision of the collector is final upon the expiration of 60 days after the date of liquidation unless the importer "shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto." The only paper before us that is a protest in writing against the decision of the collector is the document that was filed with the United States Customs Service at Dallas, Tex., on October 23, 1944, which was more than 60 days after the date of liquidation of the entry in question, and therefore untimely.

Defendant's motion to dismiss is granted and judgment will be rendered accordingly.

No. 57158.—S. M. Brachman & Co., Inc. v. United States, protests 733557–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

No. 57159.—W. J. Byrnes & Co. of N. Y. and China Man Way Fur Corpn. et al. v. United States, protests 793646–G, etc. (New York).

382

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57160.**—Draeger Shipping Co. and China Man Way Fur Corpn. et al. *v.* United States, protests 793647–G, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57161.**—Silberstein-Neulander Corp. *v.* United States, protests 834887–G, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57162.**—Rosenblatt & Towbin et al. *v.* United States, protests 918685–G, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57163.**—A. Kirzon, Inc., et al. *v.* United States, protests 918703–G, etc. (New York).